NITED STATES DIST ICT COU T
SOUTHERN DISTRICT OF NEW YORK

HADASSAH, THE WOMEN'S ZIONIST
ORGANIZATION OF AMERICA, INC.,

                    Plaintiff,                                 Case No. 19-CV-8953 (JPO)

v.

HADASSAH ACADEMIC COLLEGE.,

                    Defendant.

## STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

**WHEREAS**, Plaintiff Hadassah, The Women's Zionist Organization of America, Inc. ("Plaintiff") and Defendant Hadassah Academic College ("Defendant") (together with Plaintiff, "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in the above-captioned action (the "Action");

**WHEREAS**, the Parties in this Action, through their respective counsel, wish to enter into a protective order on the following agreed-upon terms in order to preserve the confidentiality of, and limit access to, certain documents and information produced by either party and their respective counsel in the course of discovery;

**WHEREAS**, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED** that the Parties to this Action, their respective officers, directors, agents, servants, employees, members, volunteers, and attorneys, any other person in active concert or participation with any of the foregoing, and all

oth r p rsons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      This Protective Order shall govern the treatment of all documents, the information contained therein, and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Documents or Information"), by any Party or their respective officers, directors, agents, servants, employees, members, volunteers, and attorneys, any other person in active concert or participation with any of the foregoing (the "Producing Party") to any other Party (the "Receiving Party"), when the foregoing are designated by a party (the "Designating Party") in accordance with the procedures set forth herein.  This Protective Order is binding upon the Parties to the Action, including any party who may join or seek to join this litigation, and including their respective corporate parents, subsidiaries, affiliates, successors and assigns, and their respective attorneys, agents, representatives, officers, employees and others as set forth in this Protective Order.

2.      The term "Protected Information" shall mean any document or other tangible thing or any electronically stored information or oral testimony that contains or reveals what a party or non-party considers to be its trade secret, business, financial, or confidential, sensitive or proprietary information and that the Designating Party designates pursuant to this Order.  Each party shall act in good faith in designating information as "Protected Information."  Material which is available to the public shall not be designated as "Protected Information."

3.      This Protective Order establishes two categories of Protected Information: Documents or Information referred to as "CONFIDENTIAL" and Documents or Information referred to as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY."

4.      The "CONFIDENTIAL" designation may be used by a Designating Party for information that is not publicly known and which the Designating Party would not normally reveal to third parties, or if disclosed, would require such third parties to maintain in confidence.  This designation shall be made in good faith.

5.      The "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" designation may be used by a Designating Party only for commercially-sensitive information (e.g. sensitive information about donor lists, member lists, personal identifying information, business plans and objectives, competitive intelligence, marketing, confidential contractual terms, revenues, profits, financial forecasts, future plans, strategies, and programs).  This designation shall be made in good faith.

6.      Documents or Information shall, if appropriate, be designated as Protected Information by marking the first page of the document and each subsequent page thereof containing such Documents or Information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," provided that the requirement to mark each page shall not apply where documents are produced in native form.  For native form documents, the confidentiality designation shall be included in the native file name.

7.      Any Protected Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by the Designating Party by serving written notice on all parties.  Any document or tangible thing labeled with a confidentiality designation pursuant to this Protective Order, and the information it contains or reveals, shall be treated in accordance with the provisions of this Protective Order. Designations shall be made by the Producing Party, except to the extent that any non-parties produce any Documents or Information developed by, pertaining to, or belonging to a party to this action, counsel for such party reserves

the right to designate those docum nts as Protected Information pursuant to this Protectiv  Order by providing written notice to the Producing Party, copied to all parties in this action, containing the Bates Stamps of the documents to be designated and the corresponding designations.

8.      Counsel for any Designating Party shall have the right to exclude from depositions, other than the deponent and the deponent's outside counsel, any person who is not authorized by this Protective Order to receive or access Documents or Information based on the designation of such Documents or Information. Deponents shall not be shown Documents or Information to which they are not entitled pursuant to the terms of this Protective Order.  Disclosures made at a deposition taken in connection with this Action may be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," by either party, by:

a.      designating testimony as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," on the record during the taking of the deposition; or

b.      notifying the reporter and all counsel of record, in writing, within twenty (20) business days after receipt of a final and official deposition transcript, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control accordingly.  After the deposition and during the 20-day period following receipt of a final deposition transcript, all parties will treat the entire deposition transcript as

if it had been designated "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY."

9.      Protected Information shall not be furnished, shown, distributed, quoted, summarized or disclosed in any way to any person or entity, including at a deposition, except that:

a.      Protected Information that is designated as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed to:

(i)      outside counsel employed by the Parties in the Action, as well as the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel;

(ii)     any outside vendor or service provider retained by outside counsel to the Parties (including litigation support service personnel with whom such outside counsel work) in connection with the Action subject to compliance with paragraph 14 of this Protective Order;

(iii)    any outside consultant or outside expert who is assisting outside counsel or a Party to the Action to whom it is necessary to disclose Protected Information for the purpose of assisting in, or consulting with respect to, the preparation of this Action, subject to compliance with paragraph 14 of this Protective Order;

(iv)     any individual who can reasonably be identified as having sent, drafted, or received the Document or Information, as facially identifiable by the four corners of the Document or Information;

(v)    the Court and any members of its staff to whom it is necessary to disclose Protected Information for the purpose of assisting the Court in this Action;

(vi)   stenographic employees, court reporters, and videographers recording or transcribing testimony relating to the Action; and

(vii)  any other person agreed to by the parties in writing, and subject to compliance with paragraph 14 of this Protective Order.

b.    Protected Information that is designated as "CONFIDENTIAL" may be disclosed to:

(i)    The individuals listed in paragraph 9.a.(i)-(vii);

(ii)   the parties, subject to compliance with paragraph 14 of this Protective Order; and

(iii)  other trial or deposition witnesses, who are examined in good faith by counsel with respect to Protected Information for legitimate discovery or trial purposes, counsel for such witnesses, and any person whom counsel believes in good faith may be a witness in this action and whose examination with respect to Protected Information may be necessary in connection with that testimony, subject to compliance with paragraph 14 of this Protective Order.

10.    Anyone having knowledge of Documents or Information designated pursuant to this Protective Order shall use it only in connection with the prosecution, defense, or appeal of the Action and shall not use it for any purpose or disclose it to any person or entity other than those permitted by this Protective Order; provided, however, that this Protective Order in no way

6

restricts anyone's use of information known to him/her unrelated to the disclosures made in this Action and not otherwise subject to a confidentiality requirement existing in contract or otherwise at law.  In making copies of Protected Information, reasonable precautions shall be taken to ensure that all copies remain within the possession of counsel for the parties or those designated persons entitled to access pursuant to the terms of this Protective Order.

11.     Nothing shall prevent disclosure beyond the terms of this Protective Order if all parties consent in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

12.     Nothing in this Order will prevent any Party or person subject to this Protective Order from producing any Protected Information in its possession in response to a lawful subpoena or other compulsory process, or if required to be produced by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Designating Party of the same by electronic mail transmission, as soon as reasonably possible, and if permitted, by the time allowed under the request, at least 10 days before any disclosure.  Upon receipt of this notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

13.     Each person who has access to Protected Information pursuant to this Protective Order shall take all reasonable and necessary steps to assure the security of such Protected Information and to prevent the unauthorized or inadvertent disclosure of such Protected Information.

14.     Prior to the disclosure of any Protected Information to any person pursuant to paragraphs 9.a.(ii), (iii), or (vii), or 9.b.(ii) or (iii) of this Protective Order, such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall

sign a Certification, in the form annex d h reto as Exhibit A, acknowledging that he or sh  has read this Protective Order and shall abide by its terms.  A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms, shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera, or by a party who has reasonable grounds to believe that the terms of this Protective Order may have been violated.

15.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

16.     Pursuant to Fed. R. Civ. P. 26(b)(5)(B), if a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.  A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17.     Any Designating Party may redesignate (or withdraw a designation regarding) any Documents or Information that it has designated during the course of this Action ("Redesignated Material"), provided that such redesignation shall be effective only as of the date of such redesignation.   Any redesignation, or withdrawal of designations shall be accomplished by

notifying counsel for each party in writing of such r  designation (or withdrawal).  Upon receipt of any such notice, counsel of record shall:  (a) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (b) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order; and (c) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under this Protective Order and have such persons sign on to the certification attached as Exhibit A hereto. The parties specifically reserve the right to withdraw any designation on any document or information they designated in this litigation.

18.     Any party may object to the propriety of the designation, redesignation, or lack of designation ("Objecting Party") of specific Documents or Information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," including any objections by other parties to designations or redesignations made pursuant to paragraphs 4-6 of this Protective Order, by serving a written objection upon the Designating Party's counsel.  The Designating Party or its counsel shall thereafter, within ten (10) business days, respond to such objection in writing by either:  (a) agreeing to remove, revise, or add the designation pursuant to the Objecting Party's request; or (b) stating the reason why the designation (or decision not to designate) was made.  If the Objecting Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the Documents or Information in issue, the Objecting Party shall be free to move the Court for an Order removing, adding, or modifying the disputed designation.  On such a motion it will be the burden of the Objecting Party to demonstrate that the Documents or Information are improperly designated. Pending the resolution of the

motion, the Documents or Information in issue shall continue to be treated in the manner as designated by the Designating Party unless and until the Court orders otherwise.

19.     Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any Party's outside counsel from rendering advice to its clients with respect to this Action, and in the course thereof, relying upon Protected Information, provided that in rendering such advice, outside counsel shall not disclose any Protected Information other than as permitted by this Protective Order.

20.     Inadvertent production of any Documents or Information, including that which is disclosed during a deposition, without a designation will not be deemed to waive a party's right to subsequently designate said Documents or Information pursuant to this Protective Order at a later date.  Disclosure of said Documents or Information by any party prior to such later designation shall not be deemed a violation of the provisions of this Protective Order provided, however, that the party that disclosed the redesignated Documents or Information shall make a reasonable effort to procure all copies of such redesignated Documents or Information from any persons known to have possession who are not entitled to receipt thereof under this Protective Order and have such persons sign on to the certification attached as Exhibit A hereto.

21.     Except as agreed in writing by counsel of record, to the extent that any Protected Information (including any portions of a deposition transcript) is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal with the Clerk of Court and kept under seal until further order of the Court.  The parties will use their best cooperative efforts to minimize such sealing.

22.     Nothing her in shall b  construed to affect in any mann r th  admissibility at trial of any Documents or Information.  Nor shall this Protective Order be deemed to waive any privilege recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The foregoing is entirely without prejudice to the right of any party or non-party to apply to the Court for a protective order relating to Protected Information; to review Documents or Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production; to object to the production of Documents or Information; to redact content contained within Documents or Information, regardless of their designations; or to apply to the Court for an order compelling the production of Documents or Information.  This Protective Order may be enforced by any party.

23.     Within 60 days of the final disposition of this action—including all appeals—all recipients of Protected Information shall destroy such material, including all copies thereof, absent written permission from the Designating Party.  On or before the 60-day deadline, the recipient must certify its destruction of such materials by submitting a written certification to the Designating Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Information. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Information. Any such archival copies that contain or constitute Protected Information remain subject to this Order.

24.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Protected Information is produced or disclosed.

25.     If Protected Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, as soon as possible upon learning of such disclosure, inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information, and shall promptly endeavor to procure all copies of such Documents or Information have each person sign on to the certification attached as Exhibit A hereto.

26.      Should the need arise for any of the parties to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the party seeking to disclose the Documents or Information, shall deem necessary to preserve the confidentiality of such Protected Information.

27.     Nothing contained in this Protective Order shall preclude any party from using its own Documents or Information in any manner it sees fit, without prior consent of any other party or the Court.

28.     Nothing herein shall operate as an admission by any of the parties hereto that any particular material contains or reflects trade secrets, or other confidential or proprietary information.

29.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue

in force until amended or superseded by express order of the Court, and shall survive any final

judgment or settlement in this Action.

30.    This Protective Order may be changed by further order of this Court, and is without

prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree

to different or additional protection for any particular document or information.

31.    This Court will retain jurisdiction over all persons subject to this Order to the extent

necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt

thereof.

**SO STIPULATED AND AGREED**.

PRYOR CASHMAN LLP                          DAVIS POLK & WARDWELL LLP

M. Mona Simonian                           James H.R. Windels
Felicity S. Kohn                           Benjamin S. Kaminetzky
7 Times Square                             Isaac M. Gelbfish
New York, New York 10036                   Deborah S. Mazer
msimonian@pryorcashman.com                 450 Lexington Avenue
fkohn@pryorcashman.com                     New York, New York 10017
(212) 421-4100                             Tel:  (212) 450-4000

*Attorneys for Plaintiff*                   *Attorneys for Defendant*

**SO ORDERED**, on:  Sept. 4, 2020          **BY THE COURT:**

                                            J. PAUL OETKEN
                                            United States District Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HADASSAH, THE WOMEN'S ZIONIST ORGANIZATION OF AMERICA, INC., | Case No. 19-CV-8953 (JPO) |
| Plaintiff, | |
| v. | **NON-DISCLOSURE AGREEMENT** |
| HADASSAH ACADEMIC COLLEGE., | |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Protected Information.  I agree that I will not disclose to anyone, or use in any way, such Protected Information other than for purposes of this litigation as defined in the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____
                                          By:

14